EBENEZER JONES and another v. HENRY PRIDHAM, impleaded, &c.

Whether a defendant, in a district or justice's court, appears and denies the complaint, or does not appear at all, the plaintiff "must prove his case." (Code, § 64, subd. 8.)

Accordingly, where the plaintiff, in an action against the endorser of a note, merely proves the making of the note and the endorsement thereof, without showing demand of payment and notice of non-payment; he is not entitled to recover.

THE summons in this action was issued from the Fourth District Court, against one McPherson, as the maker, and against the appellant, Pridham, as the endorser, of a promissory note, and was served upon the appellant " by copy" left at his residence. Judgment was rendered in favor of the plaintiff against both defendants, from which the defendant Pridham appealed under the circumstances which appear in the opinion.

*Joseph E. Palmer* and *Charles K. Taylor*, for the appellant.

*Frederick A. Tallmadge* and *Leonard Lathrop*, for the plaintiffs.

BY THE COURT. WOODRUFF, J.—There is no ground upon which the judgment against the appellant can be sustained. The summons was not served upon him personally. He did not appear nor authorize any one to appear for him. Having no actual notice of the suit, he would be entitled to a new trial if there was no error in the proceedings. But it is sufficient for the disposition of the appeal to say that there was no evidence whatever before the justice that the defendant, Pridham, was liable on the note upon which the action is brought.

By subdivision 8 of section 64 of the Code, it is in terms provided that in case the defendant does not appear and answer, the plaintiff cannot recover without proving his case; and, on the other hand, it is hardly necessary to say that where a de-

fendant does appear and deny all the plaintiff's allegations, the plaintiff cannot recover without proving his case.

On this trial all that the plaintiffs proved against the appellant was the making of the note by the other defendant and the endorsement thereof by the appellant. No attempt was made to show that the liability of the appellant, as endorser, had been fixed in any manner; no proof was given of presentment, demand, refusal, or notice to the appellant, nor of any waiver of demand and notice; so that upon the proofs, whether the appellant was bound or not bound by the appearance of the attorney, who was by the justice understood to appear for both defendants, the proof was wholly insufficient, and the appellant should have had judgment of dismissal.

The judgment as to the appellant must be reversed.